# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO.  3:14-CR-00065-02** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **ANTHONY SEGURA (02)** | **MAG. JUDGE KAYLA MCCLUSKY** |

## ORDER and REASONS

Before the Court is a "Motion for Reduction in Sentence Under 18 U.S.C. § 3582(c)(2)," filed by Defendant Anthony Segura. [ECF No. 101]. The Court now finds and rules as follows:

On July 30, 2014, Segura pleaded guilty to Counts Two and Five of a five-count Indictment.[1] [ECF No. 42]. Count Two charged Segura with Kidnapping in violation of 18 U.S.C § 1201(a)(1), and Count Five charged Segura with False Statements to an FBI Agent in violation of 18 U.S.C. § 1001. *Id.* On January 5, 2015, Segura was sentenced to 150 months on Count Two, and to 60 months on Count 5, with the sentences to run concurrently.[2] [ECF No. 89]. Segura did not file an appeal, nor has he previously filed a motion for post-conviction relief.

Segura now seeks to have his sentence reduced, but the basis for his motion is unclear. The title of the motion states that the reduction is sought pursuant to 18 U.S.C. §

---

[1] Defendant was named in only four counts of the Indictment.

[2] Defendant's projected release date is February 25, 2025. See https://www.bop.gov/inmateloc/ (last visited July 21, 2021).

3582(c)(2), which permits a court to reduce a sentence "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Here, Segura's sentencing guideline range has not been lowered, and therefore this provision is inapplicable.

In the body of the motion Segura states "[a] motion for reduction in sentence must list 'extraordinary and compelling' case factors." [ECF No. 101 at 2]. This would seem to indicate Segura is moving for compassionate release pursuant to 18 U.S.C. 3582(c)(1)(A). To the extent Segura seeks compassionate release, he has not shown he "has fully exhausted all administrative rights," as required by the statute. *Id.* Thus, to the extent Segura seeks compassionate release, the motion must be denied without prejudice to Segura's ability to refile such a motion once he shows he has complied with the statute.

Finally, Segura relies upon *United States v. Davis* and *Johnson v. United States* in support of his motion.[3] He additionally states, "Due to the Covid-19 pandemic's effects on the Bureau of Prisons, Movant was unable to file the request for reduction in sentence until recently. Therefore, this motion is timely filed." [ECF No. 101 at 1-2]. The reliance upon the foregoing cases and the argument as to timeliness appear to indicate that Segura seeks habeas relief pursuant to 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(a), (f). Section 2255 is the proper procedural vehicle for collaterally attacking a conviction or sentence. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). To the extent Segura is attempting to

---

[3] *United States v. Davis*, 139 S.Ct. 2319 (2019) (holding the residual clause of 18 U.S.C. § 924(c)(3) is unconstitutionally vague); *Johnson v. United States*, 576 U.S. 591 (2015) (holding that the imposition of an increased sentence under the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), violates the Constitution's guarantee of due process).

collaterally attack his conviction or sentence, the Court must construe the filing as a 28 U.S.C. § 2255 Motion to Vacate, Amend, Set Aside, or Correct Sentence. Because Segura did not indicate that he intended to file a § 2255 motion, the Court is required to give the warnings discussed by the United States Supreme Court in *Castro v. United States*, 540 U.S. 375 (2003). In *Castro*, the Supreme Court held that a district court should not recharacterize a *pro se* post-conviction motion as a first § 2255 motion, absent notice and warning to the Petitioner as to the consequences of that recharacterization. *Id.* at 383. Pursuant to *Castro*, Segura is advised that any § 2255 motion that he files in the future will be subject to the restrictions imposed on second or successive motions. The Court must give Segura the opportunity to withdraw the motion or amend the recharacterized motion so that the motion contains all of the grounds for relief that he believes are available to him under § 2255. Accordingly,

**IT IS HEREBY ORDERED** that within 90 days of this Order, Petitioner must either: (1) **WITHDRAW** his Motion for Reduction of Sentence [ECF No. 101] that the Court has recharacterized as a § 2255 motion or; (2) file an **AMENDED** motion on the Western District of Louisiana § 2255 form that includes all grounds for relief that Petitioner believes are available to him. If the motion is not withdrawn, Petitioner must file an amended motion on the § 2255 form even if he decides not to include new or additional grounds for relief.

**IT IS FURTHER ORDERED** that failure to comply with this Order may result in dismissal of this action under Federal Rule of Civil Procedure 41(b) for failure to comply with a Court order.

**PETITIONER IS FURTHER ADVISED** that any subsequent § 2255 motion filed

by him will be subject to the following requirements:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

**IT IS FURTHER ORDERED** that the **CLERK OF COURT** send a copy of this

Order to Petitioner, as well as the **Western District of Louisiana's § 2255 form**.

SIGNED this 22nd day of July, 2021.


ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE