UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**UNITED STATES OF AMERICA**                               **CASE NO.  3:14-CR-00065-02**

**VERSUS**                                                **JUDGE ROBERT G. JAMES**

**ANTHONY SEGURA (02)**                                   **MAG. JUDGE KAYLA MCCLUSKY**

## DISMISSAL ORDER

On or about April 6, 2021, Anthony Segura filed a *pro se* motion for "Reduction in Sentence Under 18 U.S.C. § 3582(c)(2)."[1] Although Segura did not invoke 28 U.S.C. § 2255 as the jurisdictional basis for his claims, the motion challenged his 2014 conviction and sentence for kidnapping.[2] Because Segura attacked his conviction and sentence for kidnapping[3], the Court determined it should construe the filing as a motion to vacate, set aside or correct a sentence under 28 U.S.C. § 2255.[4] The Court therefore warned Segura of the consequences of the recharacterization of his motion.[5] The Court then ordered Segura to take one of two actions within ninety (90) days of issuance of its Order[6]: (1) withdraw his motion, or (2) amend and resubmit his motion on the approved form so that it contained all grounds for relief.[7] The Court further warned Segura that his failure to comply with the Order could result in dismissal of this matter.[8] More

---

[1] *See* ECF No. 101 and 101-1.
[2] ECF No. 101 at 2.
[3] Segura was additionally convicted of false statements to an FBI agent. ECF No. 42. He did not attack that conviction in his motion.
[4] *See* ECF No. 112 at 2-3.
[5] *Id.* at 3 (citing *Castro v. United States*, 540 U.S. 375, 383 (2003).
[6] The Order issued on July 22, 2021. *See id.* at 4.
[7] *Id.*; *see also* Rule 2(c), Rules Governing Section 2255 Proceedings.
[8] ECF No. 112 at 3.

than four months have now passed since issuance of the Order, and Segura has failed to respond in any manner.

Under Federal Rule of Civil Procedure 41(b), a district court may dismiss an action *sua sponte* if the plaintiff fails to comply with court orders or fails to prosecute the case. *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). Such authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962)). Given the fact that Segura has failed to respond to the Court's Order, the Court concludes the motion should be dismissed without prejudice for failure to comply with the Court's Order and for want of prosecution.[9]

Accordingly, **IT IS ORDERED** that Petitioner Anthony Segura's "Motion for Reduction in Sentence Under 18 U.S.C. § 3582(c)(2)" [ECF No. 101] is **DISMISSED WITHOUT PREJUDICE** for failure to comply with the Court's Order and for want of prosecution.

SIGNED this 3rd day of December, 2021.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[9] *See* Fed. R. Civ. P. 41(b) (stating an involuntary dismissal "operates as an adjudication on the merits" unless the dismissal order states otherwise).